

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

DONNA L. BOSSERMAN, )
                                    )   Civil Action No. 5:08CV00009
  Plaintiff, )
                                    )
v. )   **MEMORANDUM OPINION**
                                    )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )   By:   Hon. Glen E. Conrad
                                    )         United States District Judge
  Defendant. )

      Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

      The plaintiff, Donna L. Bosserman, was born on April 14, 1959 and eventually reached the eighth grade in school. Mrs. Bosserman has earned a GED. Plaintiff has worked primarily as a psychiatric care worker at a state mental hospital. She last worked on a regular basis in January of 2000. On September 2, 2004, Mrs. Bosserman filed an application for a period of disability and disability insurance benefits.[1] Mrs. Bosserman alleged that she became disabled for all forms of substantial gainful employment on February 2, 2000 because of back problems, depression, inability

---

[1] The record reveals that Mrs. Bosserman filed an earlier application for a period of disability and disability insurance benefits in 1987. On that occasion, she was found to be disabled for all forms of substantial gainful employment because of back problems. Her period of disability ended in May of 1990, when she returned to substantial gainful activity.

to cope with stress, and compulsive disorder. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Bosserman met the insured status requirements of the Act through the first quarter of 2005, but not thereafter. See gen., 42 U.S.C. § 423. Consequently, Mrs. Bosserman is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2005. See gen., 42 U.S.C. § 423.

Mrs. Bosserman's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 24, 2006, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that, prior to the termination of her insured status, Mrs. Bosserman suffered from several severe impairments including degenerative disc disease, scoliosis of the lumbosacral spine with a small L5-S1 disc herniation, and right ankle synovitis. (TR 19). While Mrs. Bosserman had alleged disability on the basis of depression, the Administrative Law Judge specifically determined that plaintiff did not experience a severe impairment on the basis of depression at any time on or before the date of termination of her insured status. Based on her physical problems, the Law Judge found that Mrs. Bosserman was disabled for her past relevant employment as a psychiatric care worker prior to the termination of her insured status. However, the Law Judge ruled that plaintiff retained sufficient functional capacity for certain forms of light and sedentary exertion at all relevant times. The Law Judge assessed Mrs. Bosserman's residual functional capacity as follows:

> Upon careful consideration of the entire record, the undersigned finds that, through the date last insured, exertionally, due to her musculoskeletal impairments and pain, the claimant had the residual functional capacity to sit up to six hours in an eight-hour workday, stand and walk at least two hours in an eight-hour workday, and lift weights of ten to twenty pounds occasionally and ten pounds frequently. Nonexertionally, due to these same impairments and associated pain, she had a

2

> limited ability to push and pull, could not perform repetitive movements with the right foot, could occasionally balance, crouch, bend, kneel, and climb small stepstools and ladders, but could not squat or crawl. She could negotiate two flights of stairs holding onto a hand rail, and was limited to jobs allowing a sit/stand option.

(TR 21). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony of a vocational expert, the Law Judge held that Mrs. Bosserman retained sufficient functional capacity to perform several specific light and sedentary work roles existing in significant number in the national economy at all relevant times prior to the termination of her insured status on March 31, 2005. Accordingly, the Law Judge ultimately concluded that Mrs. Bosserman was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Bosserman has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Bosserman has a long history of musculoskeletal problems. She has undergone surgical procedures in an attempt to relieve her discomfort. While there is some question as to whether plaintiff now possesses sufficient physical capacity to engage in sustained work activity at any exertional level, the court does not find it necessary at this time to consider plaintiff's musculoskeletal problems in any great detail. Instead, the court finds that the medical record does not support the Law Judge's determination that plaintiff did not experience a severe impairment on the basis of emotional problems. The court believes that the Law Judge erred in not including the manifestations of plaintiff's depressive disorder in the hypothetical question posed to the vocational expert. For these reasons, the court is unable to conclude that there is substantial evidence to support the Law Judge's reliance on the testimony of the vocational expert in assessing plaintiff's capacity to perform alternate work activities.

As previously noted, Mrs. Bosserman originally alleged disability on the basis of back problems and emotional difficulties. In applying for benefits, plaintiff stated that her ability to work was limited by back problems, depression, inability to cope with stress, and compulsive disorder. (TR 97). As noted by the Administrative Law Judge, the medical record developed after plaintiff quit working documents treatment for depressive symptomatology. In a medical report dated March 24, 2003, Dr. Dawn Alexander recounted plaintiff's complaints of depression. Dr. Alexander prescribed Prozac, which Mrs. Bosserman had taken in the past to deal with the same symptoms. (TR 194). At the time of an emergency room visit for unrelated problems on January 19, 2004, it was noted that plaintiff's past medical history was "significant for depression." (TR 128). On February 28, 2005, Dr. Kirsta Craig, a treating physician, reported that Mrs. Bosserman was not

4

taking her psychiatric medication and that she had been unable to see Dr. Hoffman, her psychiatrist. Dr. Craig noted an impression of probable bipolar disorder and indicated that she personally would be in contact with Dr. Hoffman. (TR 164). On April 5, 2005, following a consultative medical evaluation commissioned by the Disability Determination Services, Dr. Mammen Mathew noted that plaintiff has been suffering from chronic depression for the past several years dating back to 1993. According to Dr. Mathew, Mrs. Bosserman was under the care of a psychiatrist and was on psychiatric medication. (TR 143).

Following a referral from the treating physician, Dr. Craig, Dr. Michael Hoffman, a psychiatrist, completed a medical evaluation on May 24, 2005. Dr. Hoffman summarized plaintiff's psychiatric history as follows:

> Presently the patient is seeking help for depression and OCD as well as a question about a bipolar disorder. The patient herself is concerned that she may have adult ADD. The patient started to have problems with depression when she was twenty-five and started seeing Dr. Eagle about that time. He treated her primarily with Prozac and then later with Zoloft. She has never felt that the medications fully resolved her symptoms. She continued to see Dr. Eagle till she left the area about six or seven years ago. She did see someone while she lived in Missouri. She was tried on Wellbutrin that made her cigarettes taste bad. She has had some compulsive behaviors like cleaning or kicking new cars. She returned to the area some four years ago and has been seen by her PCP, first Dr. Dawn Alexander and more recently Dr. Kirsta Craig. She is now seeking further intervention to see if she can feel better.

(TR 229). By way of symptoms, the psychiatrist noted a decreased energy level, impaired memory, impaired concentration, and decreased motivation. Dr. Hoffman also reported a marked increase in irritability and anxiety. The psychiatrist described symptoms consistent with adult attention deficit disorder. Nevertheless, Dr. Hoffman did not report any remarkable mental status findings. The psychiatrist diagnosed moderately severe, recurrent major affective disorder on the basis of depression; attention deficit disorder; and obsessive-compulsive traits. Dr. Hoffman adjusted plaintiff's psychiatric medication and also prescribed new medication for the attention deficit

disorder. (TR 234). The court notes that, when asked to consider certain of Dr. Hoffman's findings in combination with the physical limitations posited by the Administrative Law Judge, the vocational expert testified at the administrative hearing that Mrs. Bosserman would not be able to work. (TR 323-24).

As stated above, the Administrative Law Judge essentially discounted the findings set forth by Dr. Hoffman, noting that these observations were not made during the period of time in which Mrs. Bosserman still enjoyed insured status.[2] (TR 20). As support for the finding that Mrs. Bosserman did not experience a severe impairment on the basis of depression during the period of time in which she enjoyed insured status, the Law Judge concluded as follows:

> In view of these admitted activities of daily living and absent evidence of ongoing psychiatric symptoms or treatment prior to her March 31, 2005, the undersigned gave controlling weight to the State Agency medical assessment that her depression was "not severe" prior to March 31, 2005, because she had no limitations on her activities of daily living, no difficulties maintaining social functioning, no more than mild difficulties maintaining concentration, persistence or pace, and had no episodes of decompensation.

(TR 20).

The court is simply unable to conclude that the Law Judge's findings in this regard are supported by substantial evidence. As previously noted, it is clear beyond question that Mrs. Bosserman suffered from depression for many years prior to the termination of her insured status, and that she was treated for this condition by several different physicians, including psychiatrists. Plaintiff was taking psychiatric medications for many years prior to the termination of her insured status, and the diagnosis of depression was cited by other physicians who treated Mrs. Bosserman

---

[2] In fairness to the Law Judge, it should also be noted that the Law Judge correctly related that later reports from Dr. Hoffman indicated some improvement in plaintiff's symptoms.

6

for physical problems. The consultative physician who evaluated plaintiff for musculoskeletal difficulties also noted an impression of history of depression and insomnia.

In support of his assertion that Dr. Hoffman's mental status findings of May 24, 2005 did not relate back to a time prior to March 31, 2005, the Administrative Law Judge "gave controlling weight to the state agency medical assessment that [plaintiff's] depression was 'not severe' prior to March 31, 2005." (TR 20). The court does not believe that such reliance is justified. The psychiatric review technique report cited by the Administrative Law Judge was completed on April 14, 2005, several weeks prior to Dr. Hoffman's psychiatric assessment. While another psychologist, Dr. John Kalil, reported on June 9, 2005, that he had reviewed all the evidence in the file and affirmed the assessment of April 14, 2005, there is absolutely no indication that the state agency psychologists received or considered Dr. Hoffman's psychiatric report. On the face of the state agency form, it is noted that the assessment was made from February 2, 2000 to March 31, 2005. (TR 209). Indeed, in the state agency assessment, it is reported as follows:

> Claimant alleges impairment due to Depression. Records in the file from claimant's treating/prescribing (TP) physician(s) Dr. Craig and ADLs have been reviewed. TP is not a psychiatrist or psychologist but has diagnosed the claimant. Claimant is prescribed Zoloft which has controlled claimant's mild symptoms. <u>Claimant has received no psychological or psychiatric treatment</u> and ADLs are adequate for claimant's age and lifestyle. Claimant's allegations of impairment are credible but the evidence in file does not support an inability to work. Overall limitations from this impairment are non-severe.

(TR 221)(emphasis added).

Based on all the evidence now of record, it is clear that Mrs. Bosserman was seen by a psychiatrist prior to the termination of insured status and, contrary to the observation in the state agency report, that she did receive psychiatric treatment and diagnosis prior to the termination of

7

insured status. In short, the court must conclude that the reasons given by the Administrative Law Judge for declining to relate the findings made by Dr. Hoffman on May 24, 2005 to a time prior to March 31, 2005, are not supported by substantial evidence. The court concludes that Mrs. Bosserman has met the burden of proof in establishing that she suffered from a severe impairment on the basis of depression prior to the termination of her insured status. It follows that the Commissioner erred in not propounding a hypothetical question which included appropriate nonexertional limitations to the vocational expert.

On the other hand, the court does not find that plaintiff has met the burden of proof in establishing total disability for all forms of substantial gainful employment. As correctly noted by the Administrative Law Judge, later reports indicate that following resumption of treatment in May of 2005, many of plaintiff's depressive symptoms resolved, and that her overall functioning improved. Even as of the date of his report, Dr. Hoffman did not cite any overly remarkable mental status findings. Furthermore, as to the period prior to the termination of insured status, as correctly noted by the Administrative Law Judge, Mrs. Bosserman performed routine vocational activities and personal activities despite the onset of depressive symptoms. Thus, the court believes that it is still unclear as to whether plaintiff has ever experienced total disability for all forms of substantial gainful employment based on a combination of physical and emotional problems for any period of time exceeding one year which began on or before the date of termination of her insured status.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for consideration of the issues identified above. Upon remand, the court believes that it would be helpful for the Commissioner to secure input from an appropriate psychiatric or psychological consultant as to the nature, severity, and persistence of plaintiff's depressive

8

symptoms. If necessary, it will also be appropriate to obtain input from a vocational expert in response to questions which take into account the combination of plaintiff's exertional and nonexertional impairments. See Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983).

Upon remand, both sides will be allowed to present additional evidence and argument. An appropriate order will be entered this day. The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 23rd day of October, 2008.

/s/ Guy Conrad
United States District Judge